UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | ED CV 20-1965 FMO (SHKx) | Date | October 16, 2020 |
|---|---|---|---|
| Title | Mary Ann Desilveria Davidson v. Ford Motor Company, et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:

None Present  None Present

**Proceedings:**  (In Chambers) Order Remanding Action

    On August 5, 2020, Mary Ann Desilveria Davidson ("plaintiff") filed a complaint ("Complaint") in the Riverside County Superior Court ("state court") against Ford Motor Company ("Ford") and Jack Gosch Ford, Inc. (collectively "defendants") asserting, among other claims, a breach of express warranty claim under the Magnuson-Moss Warranty Act, ("MMW Act"), 15 U.S.C. §§ 2301 et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 10). Plaintiff's claims arise out of her purchase of a Ford Fusion. (See Dkt. 1-2, Exh. A, Complaint at ¶ 6). On September 21, 2020, Ford removed the action on federal question jurisdiction grounds pursuant to 28 U.S.C. § 1331. (See Dkt. 1, NOR at ¶ 12).

    Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted); see Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | ED CV 20-1965 FMO (SHKx) | Date | October 16, 2020 |
|---|---|---|---|
| Title | Mary Ann Desilveria Davidson v. Ford Motor Company, et al. | | |

The court's review of the NOR makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying federal question jurisdiction.[2]  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar, Inc., 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Ford contends that federal question jurisdiction exists because plaintiff asserts a claim under the MMW Act, 15 U.S.C. §§ 2301 et seq., and as required by the Act, the amount in controversy exceeds $50,000 when coupled with plaintiff's request for civil penalties under the Song Beverly Act.[3]  (See Dkt. 1, NOR at ¶¶ 13-20); see also 15 U.S.C. § 2310(d)(3)(B) (providing that a consumer may bring claims under the act in a district court unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit").  However, Ford has failed to take into account any reduction for the use of the vehicle, (see, generally, id.), and thus has failed to show that the amount in controversy exceeds the jurisdictional threshold.  See Schneider v. Ford Motor Co., 756 F.Appx. 699, 701 n. 3 (9th Cir. 2018) ("Consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy as the circuit has "recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.") (internal quotation marks omitted); see, e.g., Mullin v. FCA US, LLC, 2020 WL 2509081, *3 (C.D. Cal. 2020) ("Because Defendants neglected to take the mileage offset into account, they failed to meet their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle."); Maciel v. BMW of N. Am., LLC, 2017 WL 8185859, *2 (C.D. Cal. 2017) (finding amount in controversy not satisfied given the defendant's failure to consider set-off amount); Chavez v. FCA US LLC, 2020 WL 468909, *2 (C.D. Cal. 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain.").[4]

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved

---

[2]  Ford seeks only to invoke the court's federal question jurisdiction.  (See Dkt. 1, NOR at 1) (asserting removal is "pursuant to 28 U.S.C. Sections 1331, 1441(a), and 1446").

[3]  Under the Song-Beverly Act, plaintiff is entitled to restitution "in an amount equal to the actual price paid or payable by the buyer" less the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C)

[4]  Given the above, Ford has failed to show that plaintiff's other requests for relief satisfy the amount in controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | ED CV 20-1965 FMO (SHKx) | Date | October 16, 2020 |
|---|---|---|---|
| Title | Mary Ann Desilveria Davidson v. Ford Motor Company, et al. | | |

in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Ford has met its burden.  Thus, there is no basis for federal question jurisdiction.

**This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Riverside, 30755-D Auld Road, Murrieta, CA 92563 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

Initials of Preparer      vdr